<u>**Exhibit A**</u>

**Renaissance Technologies**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

COMMODITY FUTURES TRADING COMMISSION

    Plaintiff        Civil Action No. 09 C 6780

     v.         AFFIDAVIT OF SERVICE

RALEIGH CAPITAL MANAGEMENT, INC., ET AL.,

    Defendant
-----------------------------------------------------------------X
STATE OF NEW YORK )
         S.S.:
COUNTY OF NEW YORK)

    HECTOR FIGUEROA, being duly sworn, deposes and says that he is over eighteen years of age, is an agent of LA SALLE PROCESS SERVICES, and is not party to this action.

    That on the 3rd day of August, 2010, at approximately 4:30 pm, deponent served a true copy of the **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** upon **RENAISSANCE TECHNOLOGIES** at 800 Third Avenue, New York, NY, by personally delivering and leaving the same with **RAY BARRETT**, who informed deponent that he is Security at that address.

    Ray Barrett is a white male, approximately 50 years of age, stands approximately 6 feet 2 inches tall, weighs approximately 230 pounds with dark hair and blue eyes wearing glasses.

_____
HECTOR FIGUEROA, # 0870141

Sworn to before me this
6th day of August, 2010

JONATHAN T. RIPPS
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01RI6109718
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 17, 2012

_____
NOTARY PUBLIC

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | | |
|---|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION | ) | | |
| *Plaintiff* | ) | Civil Action No. | 09 C 6780 |
| v. | ) | | |
| RALEIGH CAPITAL MANAGEMENT, INC., et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Illinois | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Renaissance Technologies, 800 Third Ave., New York, New York, 10022-7659

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Subpoena Rider attached.

| Place: Deborah L. Thorne, Barnes & Thornburg LLP, 1 N. Wacker Drive Ste. 4400, Chicago, IL 60606 | Date and Time: 08/16/2010 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: August 2, 2010

| CLERK OF COURT | | OR | |
|---|---|---|---|
| _____ | | _____ | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's Signature* | |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Deborah L. Thorne, as the court-appointed Temporary Receiver for Defendants   , who issues or requests this subpoena, are:

Deborah L. Thorne, Barnes & Thornburg LLP, 1 N. Wacker Drive Ste. 4400, Chicago, IL 60606, (312) 357-1313
dthorne@btlaw.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   09 C 6780

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                              *Server's signature*

                                         _____
                                              *Printed name and title*

                                         _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey may be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SUBPOENA RIDER

## DEFINITIONS AND INSTRUCTIONS

1.     "Documents" shall mean all things that are documents under the definition provided by Federal Rule of Civil Procedure 34(a), including without limitation all hard copies and all electronic, optical, and magnetic media, such as e-mail, voicemail and computer files.

2.     "Regarding" shall mean, without limitation, relating to, referring to, pertaining to, containing, describing, discussing, mentioning, memorializing, embodying, identifying, commenting on, reflecting, concerning, constituting, comprising or otherwise relating in any way to, whether in whole or in part.

3.     When reference is made to any person or entity by name, that reference shall be deemed to include anyone who has acted or is acting on that person or entity's behalf, including without limitation all of that person or entity's agents, employees, attorneys, officers, subsidiaries, affiliates, parents, predecessors or successors.

## DOCUMENT REQUESTS

1.     Documents sufficient to identify all accounts (including both open and closed accounts) held in the name of Raleigh Fund LP and/or in which Raleigh Fund LP has or had an interest at any time from January 1, 2004 through the present.

2.     Documents sufficient to identify all accounts (including both open and closed accounts) held in the name of the Raleigh Capital Management and/or in which Raleigh Capital Management has or had an interest at any time from January 1, 2004 through the present.

3.     Documents sufficient to identify all accounts (including both open and closed accounts) held in the name of the Richmond H. Hamilton Jr. and/or in which Richard H. Hamilton Jr. has or had an interest at any time from January 1, 2004 through the present.

4.     Financial statements of Raleigh Fund LP for the years 2005, 2006, 2007, 2008 and 2009.

5.     Financial statements of Raleigh Capital Management for the years 2005, 2006, 2007, 2008 and 2009.

6.     Financial statements of Richmond H. Hamilton Jr. for the years 2005, 2006, 2007, 2008 and 2009.

7.     Any and all other documents that regard the account or accounts referenced in Request No. 1, including, but not limited to, (i) all bank statements from January 1, 2004 through the present, all signature cards, cash in tickets, checks, and wire transfer records, for deposits in the amount of $2,000 or more made at any time between January 1, 2004 and the present and (ii) checks, official checks, cash out tickets and wire transfer records, for any withdrawal in the amount of $2,000 or more made at any time between January 1, 2004 and the present.

8.     Any and all other documents that regard the account or accounts referenced in Request No. 2, including, but not limited to, (i) all bank statements from January 1, 2004 through the present, all signature cards, cash in tickets, checks, and wire transfer records, for deposits in the amount of $2,000 or more made at any time between January 1, 2004 and the present and (ii) checks, official checks, cash out tickets and wire transfer records, for any withdrawal in the amount of $2,000 or more made at any time between January 1, 2004 and the present.

9.     Any and all other documents that regard the account or accounts referenced in Request No. 3, including, but not limited to, (i) all bank statements from January 1, 2004 through the present, all signature cards, cash in tickets, checks, and wire transfer records, for deposits in the amount of $2,000 or more made at any time between January 1, 2004 and the present and (ii) checks, official checks, cash out tickets and wire transfer records, for any withdrawal in the amount of $2,000 or more made at any time between January 1, 2004 and the present.

10.    Any and all other documents regarding Raleigh Fund LP.

11.    Any and all other documents regarding Raleigh Capital Management.

12.    Any and all other documents regarding Richard H. Hamilton Jr.