Order Form (01/2005)

# United States District Court, Northern District of Illinois

M HN

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6780 | **DATE** | 9/15/2010 |
| **CASE TITLE** | CFTC vs. Raleigh Capital Management, Inc., et al. | | |

**DOCKET ENTRY TEXT**

The Court adopts the findings and conclusions of the Magistrate Judge's August 4, 2010 Report and Recommendation [169].

*/s/ Charles R. Norgle*

■[ For further details see text below.]        Docketing to mail notices.

## STATEMENT

Before the Court is the Report and Recommendation by the Magistrate Judge (the "Report") as to the Commodity Futures Trading Commission ("CFTC") and Receiver Deborah Thorne's joint motion for rule to show cause why defendant Richmond Hamilton, Jr. ("Hamilton") should not be held in contempt. For the following reasons, the Court adopts the findings of the Magistrate Judge, as set forth in his report, and finds Hamilton in contempt of the Court's November 20, 2009 Order.

On October 28, 2009, the CFTC filed the present action against defendants Raleigh Capital Management, Inc. ("RCM"), Hamilton, and relief-defendant Raleigh Fund, LP (the "Fund"). The CFTC's complaint alleges that Hamilton and RCM "misappropriated over $1 million from participants in the Fund since May 2004." Compl. ¶ 1.

Hamilton was personally served with the complaint on November 11, 2009 and subsequently retained counsel. On November 20, 2009, this Court entered a preliminary injunction that required Hamilton, among other obligations, to (1) produce and file with the Court an accounting of his assets and liabilities; (2) repatriate all funds, securities, assets and other property controlled by Hamilton by transferring them as directed by the Receiver; and (3) deliver over to the Receiver "[p]ossession and custody of all funds and all other assets" belonging to Hamilton. Preliminary Injunction ¶¶ 19, 21 and 28.

On March 5, 2010, the CFTC and the Receiver filed a joint motion for rule to show cause why Hamilton should not be held in contempt for his failure to comply with the preliminary injunction. This Court granted the motion and set a return date of April 23, 2010. On April 22, 2010, the Court referred this matter to the assigned Magistrate Judge and struck the April 23, 2010 return date. The Magistrate Judge ordered Hamilton to appear on July 14, 2010, but Hamilton did not appear. On August 4, 2010, the Magistrate Judge issued his Report, finding that there is clear and convincing evidence that Hamilton willfully failed to comply with the preliminary injunction and "failed to provide an accounting of his assets and liabilities and to repatriate funds that he misappropriated from the [Fund]." August 4, 2010 Report at 2-3. The Report therefore concluded that Hamilton is in contempt of this Court's November 20, 2009 Order.

| STATEMENT |
|---|
| Id. at 3.<br>     A magistrate judge's ruling on a non-dispositive matter is only to be set aside if it is "clearly erroneous or . . . contrary to law." FED. R. CIV. P. 72(a). In the present case, Hamilton has filed no objections to the Report and the Court's review of the record provides no indication that the Report is clearly erroneous or contrary to law. Therefore, the Court adopts the findings and conclusions of the Report for the reasons stated therein. IT IS SO ORDERED. |