IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 09 C 6780 |
| v. | ) Hon. Charles R. Norgle, Sr. |
| RALEIGH CAPITAL MANAGEMENT, INC. and RICHMOND H. HAMILTON, JR. | )<br>) |
| Defendants. | ) |
| RALEIGH FUND, LP. | ) |
| Relief Defendant. | ) |

**REPLY OF RICHMOND HAMILTON, SR. TO RESPONSE OF
TEMPORARY RECEIVER IN OPPOSITION TO OBJECTION**

Richmond Hamilton, Sr., ("Hamilton, Sr.") by his attorneys, submits the following in Reply to the Temporary Receiver's Response in Opposition to the Objection of Richmond Hamilton, Sr.

A. **Redemptions**

The Temporary Receiver asserts that investor requests for redemption were wrongly denied. (Response at p. 3). In support the Temporary Receiver cites to the Declaration of Diane Spreadbury which was submitted by the CFTC in support of a temporary restraining order. In her declaration, Ms. Spreadbury stated that "In May 2009, NFA was contacted by a participant in the Fund who represented to NFA that Hamilton was not honoring full redemption requests."

1

(Spreadbury Declaration at para. 9). Ms. Spreadbury did not identify the "participant." At paragraph 33, Ms. Spreadbury referred to a second participant who had indicated that redemptions were being restricted. Ms. Spreadbury cited to an email dated February 25, 2009 in support of the assertion. Attached as Exhibit A to this Reply is the exhibit, which identifies the Raleigh Fund participant as Susan Schipper. Attached as Exhibit B to this Reply is the ledger for Ms. Schipper's account at the Raleigh Fund which records that she withdrew $10,000 in March 2009, and $10,000 in July 2009.

B. **Limited Partnership Agreement**

The Temporary Receiver contends that she is not required to follow the Limited Partnership Agreement in the subject distributions. It is the position of the Hamilton, Sr., that the Limited Partnership Agreement creates property rights in a limited partner which the Temporary Receiver cannot transfer to other limited partners. It is only if the Temporary Receiver can establish that the property rights do not exist - e.g. by showing a ponzi scheme or illusory profits, that such a transfer can be made in equity.

In re San Vicente Medical Partners, Ltd., 962 F,.2d 1402, 1409 (9th Cir. 1992) supports Hamilton Sr.'s position that the Temporary Receiver cannot transfer Hamilton Sr.'s property to other investors. The San Vincente Medical entity argued that 28 U.S.C. § 959(b) prevented "receiver expenses" from being paid out of the limited partnership's assets. Id. at 1409. According to the entity, because the Receiver "essentially replaced and acted as the general partner" of the limited partnership, "the receiver [was] bound by state law as if he were a general partner" and because the general partner had already been paid its management fee, San Vicente claimed the receiver could not be paid out of the limited partnership's assets. Id. at 1409. The court rejected this argument because Orr "was the receiver" "not the general partner" and the

receiver for more than simply the limited partnership's property. "This distinction is crucial to our analysis. If Orr were receiver only for APC and its property, section 959(b), might require Orr to assume APC's legal relationship to the limited partners." Id. at 1409.

Here, the issue is not whether the Receiver can be paid, even thought the partnership agreement does not provide for payment to the Receiver. The issue is whether the limited partnership agreement which governs the limited partners rights as against each other and requires a ratable pro rata distribution can be ignored because the Temporary Receiver believes her distribution plan is more equitable. 28 U.S.C. § 959(b) requires the Receiver to "manage and operate the property in [her] possession, "in the same manner that the owner or possessor thereof would be bound to do." This obligation is not met by transferring partnership assets in which a limited partner has a property interest, to other limited partners in contravention of the limited partnership agreement. 28 U.S.C. §959, Beacon Associates Management Corp v. Beacon Associates, 09 Civ. 6910, 2947076 (S.D.N.Y. July 27, 2010), the other authorities cited in our objection and the Constitution's Taking Clause all reject the distribution scheme being proposed by the Temporary Receiver.

Respectfully submitted,

s/ Peter B. Shaeffer

s/ Stephen Scallan

| | |
|---|---|
| Peter B. Shaeffer, Attorney | Stephen Scallan |
| 30 N. LaSalle Street - Ste. 2140 | Staes & Scallan |
| Chicago, IL 60602 | 111 W. Washington Street - Ste. 1631 |
| Tel: 312-782-5306 | Chicago, IL 60602 |
| Fax: 312-201-4559 | Tel: 312-201-8969; Fax: 312-201-9233 |

3

## Certificate of Service

The undersigned hereby states that a copy of the foregoing **REPLY OF RICHMOND HAMILTON, SR. TO RESPONSE OF TEMPORARY RECEIVER IN OPPOSITION TO OBJECTION** was served on the following this 20th day of November, 2010 via this court's ECF system.

Joseph A. Konizeski   (Email:
Commodity Futures Trading Commission
525 W. Monroe, Suite 1100
Chicago, IL 60660

Deborah L. Thorne
Kevin C. Driscoll, Jr.
Barnes & Thornburg LLP
1 North Wacker Drive, Suite 4400
Chicago, IL 60606

Michael J. Kralovec
Joseph R. Lemersal
Sara R. McClain
Kralovec Meenan LLP
53 W. Jackson Blvd., Suite 1102
Chicago, IL 60604

Dianne E. Rist
Chapman & Cutler
111 West Monroe, Suite 1600
Chicago, IL 60603

AUSA
United States Attorney's Office (NDIL)
219 South Dearborn Street, Suite 500
Chicago, IL 60604

                                        s/ Peter B. Shaeffer