**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 09 C 6780 |
| RALEIGH CAPITAL MANAGEMENT, INC. AND RICHMOND H. HAMILTON, JR, | ) ) ) | Honorable Charles R. Norgle, Sr. |
| Defendants, | ) | |
| -------------------------------------------------------- | ) | |
| RALEIGH FUND, LP, | ) ) | |
| Relief Defendant. | ) | |

**RECEIVER'S AMENDED FOURTH INTERIM REPORT**

Deborah L. Thorne, not individually, but as court-appointed Receiver ("Receiver") of Defendants, Raleigh Capital Management, Inc. and Richmond H. Hamilton, Jr. ("Hamilton"), and Relief Defendant, the Raleigh Fund, LP (the "Fund"), files this Amended Fourth Interim Report which covers the period of August 1, 2010 through January 31, 2011 (the "Reporting Period").

The purpose of this Amended Fourth Interim Report is to provide the Court and all interested parties with an update of the assets which the Receiver has determined are assets of the estate ("Estate"), to describe the nature of the Receiver's activities, investigations, analysis, conclusions, recommendations to date, and the revenues generated and/or collected by her, and the Receivership Estate expenses incurred[1] during the Reporting Period. In addition, the Receiver is providing information concerning her

---

[1] The Receiver and her counsel will submit their requests for reimbursement of fees and expenses in separate pleadings.

efforts to resolve various disputes concerning the assets, in particular those held in connection with the Little Creek Venture lots.

## Introduction

On October 29, 2009, at the request of the Commodity Futures Trading Commission (the "CFTC"), this Court entered an Order Appointing Receiver over Raleigh Capital Management, Inc. ("RCM") and Richmond H. Hamilton, Jr. ("Hamilton"), and Relief Defendant, the Raleigh Fund, LP (the "Fund") (the "Order") in which the Receiver was appointed as receiver for RCM, Hamilton and the Fund. The Order provided that the Receiver should among other things take custody of all funds, property and other assets in the possession or control of the Defendants and Relief Defendant ("Assets") to manage and preserve the Assets and to prevent any loss to the Assets.

The Order required the Receiver to take control of the Fund and to liquidate or manage it as prudent under the circumstances, to investigate other assets belonging to RCM, the Fund and Hamilton. The Order also required the Receiver to determine the identity of all of the Funds' limited partners, amounts invested by the limited partners and to determine the payouts to limited partners and communicate, as necessary, with the limited partners.

During the Reporting Period the Receiver has continued to administer the assets and maintain those assets which are not yet liquidated. In particular, the Receiver has during this Reporting Period:

- negotiated a settlement with RBC Bank for the application of the $2.1 million limited guaranty on Little Creek Ventures LLC's obligation to RBC Bank;

- attempted to negotiate a resolution of certain issues between the Fund and the other members of Little Creek Ventures LLC, although ultimately the Receiver was unable to reach an agreement with the other members of Little Creek Ventures LLC;

- initiated arbitration in North Carolina;

- reviewed claims filed against the estate;

- recommended a distribution scheme and responded to multiple objections to the recommended distribution scheme;

- entered into an extension of the lease of 2500 North Lakeview condominium and canceled the Lakeview Condominium broker's agreement;

- continued reviewing bank records, particularly those involving Banque Franck;

- caused an appraisal of three diamond and gold rings;

- caused certain tax filings to be made with the State of Illinois and the Internal Revenue Service; and

- assisted in the preparation of the 2010 tax filings.

A summary of the assets currently held by the Receiver is contained in this Report. To the extent applicable, the costs accruing or which have accrued related to each asset are listed in this Report. Certain members have asked for a statement of the

value of their investment in the Fund. The Receiver is unable to provide an exact statement of the value as the determination of the value of the Fund's membership interest in various real estate holdings in not easily determined. The cash values are provided in this report.

### *Cash Assets*

As a result of the settlement with RBC Bank, the Receiver recently deposited approximately $94,900 in the Northern Trust Bank. Current deposits at the Northern Trust are in the total amount of $126,836.83 as of February 18, 2011.

Total cash assets as of February 10, 2011 in CDs located at numerous banks is in the amount of 1,186,694.21. The Receiver has one checking account at The PrivateBank with a balance of $4,903.37 as of January 31, 2011. The Receiver believes that additional cash is held in the Credit Du Maroc in an account in the name of Richmond Hamilton, Jr. To date, Hamilton has refused to cooperate with the Receiver in turning over these funds or even accounting for the amount which is in the Credit Du Maroc account as required by this Court's Order of October 29, 2009.

Additional assets are located at Banque Franck in a brokerage account. Although the Receiver previously instructed Banque Franck to liquidate these assets and has recently received notice that certain of the Banque Franck assets have been liquidated, Banque Franck has not wired the proceeds to the Receiver and has recently informed the Receiver that it may set the Fund assets off against certain amounts Hamilton owes Banque Franck. The most recent summary from Banque Franck describes the assets of the Fund held as follows:

| Asset Type | Value (Estimated) | Status |
|---|---|---|
| Cash | $119,098 | Receiver has requested that funds be wired to Receiver account at Northern Trust. To date Banque Franck is holding funds |

| Asset Type | Value (Estimated) | Status |
|---|---|---|
| Short Term Investments | $190,000 | Redemption Requested and Banque Franck is holding partial proceeds. Short term investments are identified as "Fiduciary Deposits" with Ste. Generale Corporate. |
| Alternative Investments with D.E. Shaw Composite International Funds | $94,026.90 | These are believed for the most part to be illiquid investments |

The total Banque Franck values if they can be realized and if Banque Franck agrees or can be forced to return them to the Receiver is $403,125. The Receiver has requested authority to employ Swiss counsel to assist in obtaining the return of the Banque Franck assets.

Hamilton had a personal account at Banque Franck. Currently (from a date prior to the Receiver's appointment), Hamilton owed Banque Franck $427,227 on a personal loan. This loan was "secured" by a pledge of Hamilton's interest in the Fund. The Receiver has taken the position that Hamilton's share of the Fund has no value and therefore, although Banque Franck appears to have a legitimate claim against Hamilton, the value of the security is zero.

### *Real Property*

*1. 2500 Lakeview Street, Unit 3001, Chicago ("Lakeview Condo").* Hamilton holds title to the Lakeview Condo, a two bedroom, two bath condominium located in Lincoln

Park. In June 2009, Hamilton removed $170,000 from the Fund in connection with a sale of the Lakeview Condo to the Fund which was never consummated. The Northern Trust continues to hold a mortgage on the Lakeview Condo with a principal balance of $367,962.30. The Receiver is making payments on the Lakeview Condo mortgage each month in the approximate amount of $2,773.40 (includes property taxes) and monthly assessments of $997.16 to the 2500 Lakeview Condo Association. The Receiver inherited tenants for the Lakeview Condo who held a lease through December 31, 2010 and paid rent of $2,600 each month. In December 2010, the tenants requested an extension of the lease until May 31, 2011. The Receiver agreed to the extension and raised the rent to $2,750 per month.

Currently the Lakeview Condo is not listed with a broker. The Receiver intends to relist it in June 2011 after the current tenants' lease expires or will consider abandoning it to the Northern Trust in the event she determines that it will not bring sufficient value to pay the mortgage and bring value to the Receiver's estate.

*3.    6641 North Greenview LLC ("Greenview LLC").* Hamilton holds a 50 percent interest in Greenview LLC. Greenview LLC owns a three-flat on the north side of Chicago. Currently there is a mortgage held by The Northern Trust in the approximate principal amount of $400,063. The Receiver previously reviewed an appraisal listing the Greenview property worth approximately $571,000. Based upon that appraisal, the Receiver negotiated a sale of her 50% interest to a third-party for $70,000 which was approved by this Court. John Davidson, the other 50% owner of the Greenview property has recently shared an appraisal showing the Greenview property to be worth $405,000. Although the Court previously authorized the Receiver to sell her 50% interest in the

6

Greenview property, the Receiver has not been able to close the sale as the purchaser has not been able to obtain the financing.

Based upon a broker's opinion the Receiver believes that the value is approximately $450,000 and is currently negotiating a new offer to purchase her right, title and interest in the Greenview property. She will file a motion seeking authority once she has reached a tentative agreement to sell her right, title and interest.

### The Shoppes at Little Creek

The estate holds an interest in three different lots at the Shoppes of Little Creek shopping center in Winston-Salem, North Carolina. Each of the lots is in a different stage of development.

Lot 9 is owned by Little Creek Nine, LLC. Hamilton holds a one-third interest in this limited liability company. The Bank of North Carolina holds a mortgage to secure a promissory note in the approximate amount of $3,143,642.52. Little Creek Nine is currently 86 percent occupied.

The Fund holds a one-third interest in Little Creek Eleven, LLC. The Bank of North Carolina holds a mortgage to secure a promissory note in the approximate amount of $1,440,000. The promissory note matures in 2011. Lot 11 is vacant and Little Creek Little Creek Eleven holds a judgment against Fred Hudson and others in the amount of approximately $1 million. A number of Fred Hudson's entities recently filed voluntary bankruptcy petitions and future payments or collections of the judgment are in jeopardy.

The Fund also holds a one-third membership interest in Little Creek Ventures, LLC. ("Little Creek Ventures"). Little Creek Ventures developed a two-story mixed

commercial and retail building on Lot 12. RBC Bank holds a mortgage on the Little

Creek Ventures property to secure a promissory note in the amount of $9,150,000.

*Negotiations with RBC Bank and Members of Little Creek Ventures*

At the time Little Creek Ventures executed a promissory note and granted a

mortgage with RBC, the Fund executed a limited guaranty of $2.1 million on the RBC

promissory note obligation (the "Note"). To secure the guaranty, the Fund pledged an

account at Dain Rauscher which at the time held $2.1 million plus interest. The Note

matured on December 31, 2009. Because of this Court's Order freezing all attempts to

obtain assets belonging to the Fund and the Defendants, RBC was unable to seize the

$2.1 million.

During the last year, the Receiver negotiated in good faith with both RBC and the

other two members of Little Creek Ventures, C. Ladd Freeman, Jr. and James A. Luke,

Jr. to workout an arrangement under which the Fund would allow the Note to be paid

down by $2.1 million and the Receiver would be given a subordinated note by Little

Creek Ventures secured by a subordinated mortgage on the Little Creek Ventures

property. Based upon the tentative agreement for such a voluntary arrangement, the

Receiver drafted various documents to reduce the agreement to writing. Included among

the various terms tentatively agreed to by Mrs. Freeman and Mr. Luke was the agreement

to guaranty the Little Creek Ventures obligation to the Fund for a total of $1.4 million.

This was based upon the understanding in the Little Creek Ventures Operating

Agreement that provided indemnification by the non-paying members to a member

whose guaranty was drawn upon. After considerable negotiations between RBC, Mr.

Freeman and Mr. Luke, Mr. Freeman and Mr. Luke and the Receiver were simply unable

to agree to, among other things, whether Mr. Freeman or Mr. Luke would be able to repay themselves for loans made to Little Creek Ventures prior to repaying a pro rata amount to the Fund for its $2.1 loan. The Receiver was unwilling to recommend to this Court that Mr. Freeman and Mr. Luke receive repayment that was not pari passu with the Fund.

As a result of the breakdown in negotiations, the Receiver sought authority from this Court to allow the $2.1 million to be applied to the RBC Note. An Order was entered by this Court on January 28, 2011 providing the Receiver with authorization.

Under the Little Creek Ventures Operating Agreement, a member who has paid on account of a guaranty has the right to collect from the other members a proportional share. The Receiver has demanded $1.4 million from Mr. Freeman and Mr. Luke. To date, neither of them have responded to the demand and she intends to invoke the Fund's right to arbitrate this issue under the Operating Agreement.

## *Other Assets*

### *Diamond Rings*

The Receiver found three rings in the Northern Trust safety deposit box. She has had the rings appraised and the total value is $6,650. She has prepared a motion seeking authority from the Court to sell the rings for this value or the best offer on eBay.

### **Additional Actions Taken by the Receiver**

### *Bar Date*

The Receiver requested that the Court set a Bar Date of February 12, 2010. The Court granted the Receiver's order. The Receiver sent notice to all known claim holders and placed a Notice of the Bar Date in the *Wall Street Journal* on two separate dates in

January 2010. The Receiver received 39 claims totaling $6,124,000. The Receiver, with the assistance of Marion J. Siara, has reviewed the claims and has determined a distribution scheme which will be recommended to the Court for the payment of limited partner claims. The Receiver intends to distribute approximately $1 million in the initial distribution.

### *Communications with Investors*

The Receiver continues to speak with many investors or their representatives. She intends to email this Report to each investor and to other interested parties.

### *Tax Issues*

The Receiver has instructed Alan Lasko, her accountant to prepare tax returns for Raleigh Fund and the receivership. Although she is still waiting for K-1s from Little Creek Ventures LLC, Little Creek 9 and Little Creek 11, she expects that all tax work will be completed so that she can send K-1s to each limited partner during the month of March 2011.

### *Recommended Distribution*

In September 2010, the Receiver filed a motion recommending a distribution strategy for the limited partners of the Fund. The Receiver has received numerous objections from certain of the partners who received redemptions which exceed the amount invested. She has filed replies to each objection and later to the modified objections.

### CONCLUSION

The Receiver intends to continue investigating the assets held by the Fund to determine the locations of the various assets and which assets can be liquidated for the

benefit of the estate.   In addition, the Receiver will continue to make recommendations

for distributions on claims against the estate.

DATED: March 2, 2011

Respectively submitted,

**DEBORAH L. THORNE, as**
**TEMPORARY RECEIVER**


By:  /s/ Deborah L. Thorne
             One of Her Attorneys

Deborah L. Thorne
Kevin C. Driscoll, Jr.
**Barnes & Thornburg LLP**
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 357-1313

CHDS01 665945v1

11